UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES E. SPACHER,

        Petitioner,        Case No. 1:06-cv-810

v.        Honorable Wendell A. Miles

STATE OF MICHIGAN,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies.

**Discussion**

    I.       Factual allegations

Petitioner is a former Michigan prisoner who is currently living in Rochester, New York. On May 30, 2006, Petitioner was convicted in the Mecosta County Circuit Court for failure to pay child support and sentenced to 36 months' probation and time served. Petitioner was incarcerated in Michigan for a total of 293 days and apparently remains on probation in the State of Michigan.

Petitioner's precise grounds for habeas corpus are unclear because he merely alleges that a number of Michigan State Courts "failed to answer" his previously-filed "habeas petitions." (Pet. at 6, 7).[1] The grounds of Petitioner's application are not critical to the Court's disposition of this case at this juncture, however, because Petitioner currently has a direct appeal of his conviction pending before the Michigan Court of Appeals. Petitioner therefore has not yet exhausted his available state-court remedies.

    II.      Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4,

---

[1] Petitioner apparently attempted to file a "complaint for writ of habeas corpus" in the Michigan Court of Appeals, Michigan Supreme Court, "49th Circuit Court," and "77th District Court"; all of which "failed to respond" to his filing. (Pet. at 6, 7, Attach. A, docket #1; Mich. Ct. App. Case No. 264721 Docket Entries 1, 9).

6 (1982)).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  According to his application and the Michigan Court of Appeals, Petitioner currently has a direct appeal from his Mecosta County conviction pending in the Michigan Court of Appeals.  (Pet. at 12).  *See also Spacher v. Michigan*, Mich. Ct. App. No. 273408.  An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the questions presented; or if his pursuit of state-court remedies is still pending. 28 U.S.C. §§ 2254(b)(1)(A), (c).  Here, once Petitioner receives a final order from the court of appeals, he can seek review in the Michigan Supreme Court.  Because Petitioner has only recently begun pursuing his state-court remedies, he has not yet exhausted them, as is required before this Court can address his habeas application.  *See* 28 U.S.C. § 2254(b)(1)(A).  Therefore, the Court will dismiss the petition without prejudice.

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1).  Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time

for seeking such review." Additionally, the running of the limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 121 S. Ct. 2120 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). The limitations period on Petitioner's application has not yet begun to run, as direct review of his conviction has not yet concluded at this time; nor has his time to do so expired. Further, Petitioner will enjoy the benefit of tolling while any properly-filed application for state collateral review is pending. *See* 28 U.S.C. § 2244(d). Therefore, a dismissal of this action without prejudice will not cause Petitioner to run afoul of the statute of limitations so long as he diligently pursues his state court remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because he has not yet exhausted his available state-court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit

that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist

could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:  <u>February 1, 2007</u>                                                          /s/ Wendell A. Miles
                                                                                          Wendell A. Miles
                                                                                          Senior United States District Judge